Johnson, J.
The defendant’s title is derived from a conveyance by Mary Davis, one of the devisees, dated July 22, 1872.
The plaintiff’s title is derived from a conveyance by Benjamin Davis, as executor, dated September 1, 1872.
By the terms of this will, the testator bequeaths to each of the parties specifically named, an undivided share in an entire tract of land.
Each holds such share in fee. It is an estate in lands, and not in the proceeds of land. It is a devise to each by *109 name, and not to the executor for each. It is an estate in freehold, descendible, devisable, and alienable.
As it is a.devise of an aliquot part of land in fee to each of the devisees, it follows that they are tenants in common, and entitled to all the rights of such tenancy, including the right to have partition, except so far as limited hy the terms of the will, if a sale becomes necessary.
By the terms of the sixth clause of the will, the executor is authorized and empowered to sell all of the real estate, if necessary for the purpose of distributing the estate among the devisees.
The land is not devised to the executor to sell and to divide the proceeds.
His power to sell is contingent on the necessity of having a sale, in order that a fair distribution among the devisees be made. If that can be done, no power of sale can be exercised against the wishes of any tenant in common.
The power thus vested in the executor is a naked power, not coupled with an interest in the land, and it could only be exercised for the benefit of the devisees, and only then if necessary to carry out the intention of the testator.
If the land could not be divided in the proportions named, so that each should have his share in land, then the executor might sell and distribute the money.
The entire estate and interest in the land, being specifically bequeathed, the primary right of each tenant in common was to have the land distributed.
As the language of the will, which confers authority to sell is not imperative, but is a simple power to sell if necessary, and as the legal title is in. the devisees, it follows that all the devisees might join in a sale, and thus convey the whole estate without the intervention of the executor.
It is equally clear, that each devisee has primarily a right to his share in land, if it can be set off'without injury to the interests of the other devisees.
This right to land is one that may be asserted by proceedings in partition, if necessary, but if distribution in land can not fairly be made, then it becomes a right to have *110 money, and the power of sale may be made effective to convert the land into money.
By such proceedings, the widow had her half, set off in land, to which neither the executor nor the other devisees objected.
It was the clear intention of the testator that she should have land if it could be given her without detriment to the others interested.
If the commissioners, in her suit in partition, had reported that the farm was not susceptible of being divided into halves, then the whole might have been sold, either by the executor, or under order of the court under the statute, as would most conduce to the interests of all.
What is true as to the widow, is equally true of the other devisees.
It is claimed by plaintiffs, that the defendant, Hay, though claiming under a deed of prior date to that of the executor to them, stands in no better positiou than his grantor, Mary Davis, one of the devisees, and that she held her estate subject to this power of sale.
While it is true that each holds an interest in land, it is equally true, that neither is entitled to land, if a distribution thereof can not be made to him without injury to the others. In such case, any one may insist on a sale of the whole.
It is quite as evident that neither one nor a majority of the devisees could insist on a sale of the whole land and compel a minority to take in money, if the land can be divided, or if the shares of those wanting land can be given them without harm to the others.
When Davis, acting under the power of sale, conveyed the whole eighty-six acres (being the half of testator’s real estate, after the widow’s share was set off to her) no effort had been made to distribute in land, nor is it shown that such distribution could not have been made.
A majority did not want land, nor were they willing that Day should have his share in land; not because it could not be set off to him, nor because the residue could not be *111 also divided, but because it would injure the sale of the residue.
They did not claim, nor does the evidence show, that to set Day's share off would injure the balance for the purposes of division, but for the purposes of sale.
• It was manifestly the intention of the testator, not only to give in land, if distribution could be made, but if that could not be clone, then to provide an easy and inexpensive mode of distribution, by converting the land into money and dividing it, without a resort to judicial proceedings.
"When the present action was commenced, the defendant had a proceeding in partition pending.
His title to the undivided one-fifteenth was subject only to this .power of sale, if necessary for the purpose of distribution. The title of the plaintiffs to this share, under their deed of a later date from the executor, depended on the same necessity.
If Day’s share could not be set off, under the provisions of the statute, then the executor, the other devisees assenting, might sell the whole, and Day would be compelled to take his share in money.
His right to a partition of land, the whole of which had been sold to plaintiff's before he commenced his suit for that purpose, and the plaintiff's’ right to claim the title to the whole, depended on a question of fact; that, is, could this share.be set off in land without manifest injury to the other tenants in common ?
If in that proceeding in partition the plaintiffs had filed a cross-petition in equity, containing the same allegations as are in the present petition, the present defendants might have been compelled to accept his share in money, if it appealed that his share could not be assigned in land.
The right of Day to have partition of the land, and the power of the executive to sell the whole could thus have been directly adjudicated.
In the present action the prayer is, that defendant’s pending proceeding in partition be perpetually enjoined, and plaintiffs’ title to the whole tract be decreed valid.
*112 Its object is to prevent a partition to Day of his share, even though it may be done under the statute.
If granted, it denies all opportunity to determine the existence of a necessity for a sale of the whole, not because distribution in land can not be made to all, nor because Day’s share may not be set off to him without injury to the divisibility of the balance of the land, but because such assignment to him in land would injure the sale of the residue.
The other devisees did not want their share in land, but in money, and hence they insisted on a sale of the whole by the executor.
Until it is made to appear that Day’s share could not be given in land, the executor could not sell the whole.
The defendant claims that when the widow’s half was set off to her,'the power vested in the executor was gone; that the authority was to sell “ all said real estate,” and not a part, and as half had been assigned to the widow, there was no power to sell the remaining'half.
"We think the power of sale was given to effect a division in money, if one in land could not be made, and that the power to sell all the real estate included the power to sell this half, if the necessity existed to make distribution among the remaining devisees.
Upon the whole case, a majority of the court is of opinion that the district court did not err in dismissing plaintiffs’ petition upon the issues made and upon the evidence. As the effect of the evidence depended upon a construction given to the will, and as the weight of the evidence corresponds with the construction we have given to that instrument, the judgment of the district court is affirmed.
Day, C. J., and Scott, J., dissented from the judgment.